Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Proposed Attorney for the Debtor

# United States Bankruptcy Court
## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| In re:<br>Anthony Charles Tordiglione,<br><br>Debtor. | Case No. 25-44309-elm13<br><br>Chapter 13 |

**DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 11 (SUBCHAPTER V) AND REQUEST FOR ENTRY OF SUBCHAPTER V SCHEDULING ORDER**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., RM. 147, FORT WORTH, TX 76102-3643, BEFORE CLOSE OF BUSINESS ON MARCH 25, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

COMES NOW the Debtor, Anthony Charles Tordiglione, and files this Motion to Convert this case from Chapter 13 to Chapter 11 (Subchapter V), and in support thereof respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

4. The Debtor filed this case under Chapter 13 on November 3, 2025.

5. The Chapter 13 Trustee has filed a Motion to Dismiss for Failure to Obtain Timely Confirmation.

6. Since filing the case, the Debtor and proposed counsel have reviewed the Debtor's financial circumstances and determined that the Debtor does not qualify for Chapter 13 relief.

## III. DEBTOR DOES NOT QUALIFY FOR CHAPTER 13

7. Chapter 13 eligibility is governed by 11 U.S.C. § 109(e).

8. Section 109(e) limits Chapter 13 relief to individuals with:

    - noncontingent, liquidated unsecured debts less than $526,700, and
    - noncontingent, liquidated secured debts less than $1,580,125.

9. Since the filing of the petition, proofs of claim filed in this case reflect secured indebtedness exceeding $3.6 million, which is far above the $1,580,125 secured debt limit imposed by 11 U.S.C. §109(e) for Chapter 13 eligibility. See Claims Registry Summary attached as Exhibit A and incorporated herein.

10. Accordingly, the Debtor cannot proceed under Chapter 13 as a matter of law. Where a debtor is found to be ineligible for Chapter 13 but seeks to reorganize and has ongoing business operations, courts routinely find that conversion to Chapter 11 is the appropriate remedy rather

than dismissal, as conversion preserves estate value and provides a mechanism for repayment to creditors.

11. Given the Debtor's ongoing ranching and business activities and the substantial secured creditor claims filed in this case, conversion to Chapter 11 Subchapter V will allow the Debtor to propose a feasible reorganization plan while maximizing recovery for creditors.

12. The Debtor's schedules reflect substantial real estate holdings and business operations.

13. The Debtor owns significant real estate including:

- A residence located at 178 Sams Lane, Aledo, Texas, and
- A homestead consisting of approximately 560 acres located in Hico, Texas, valued at approximately $10,000,000. See Schedules Dkt. No. 19.

14. The Debtor also owns interests in multiple business entities including:

- Amore Wines of Texas, LLC,
- Bull Lion Ranch, and
- Team Design Lighting & Construction, LLC. See Schedules, Dkt. No. 19.
- The Debtor also lists substantial business and agricultural assets including farming equipment, livestock, and wine inventory. See Schedules, Dkt. No. 19.

15. Based upon the proofs of claim filed in this case, the Debtor exceeds the secured debt limitations of § 109(e) and therefore does not qualify to proceed under Chapter 13.

### IV. CONVERSION TO SUBCHAPTER V IS APPROPRIATE

16. The Debtor is engaged in ongoing business operations, including ranching and wine production.

17. The Debtor qualifies as a small business debtor within the meaning of 11 U.S.C. § 1182(1).

18. Subchapter V was enacted to facilitate reorganization of small business debtors through a streamlined process designed to preserve going-concern value.

19. Conversion to Subchapter V will allow the Debtor to:

    1. restructure business obligations,
    2. preserve business operations, and
    3. maximize value for creditors through a reorganization plan.

20. Conversion is therefore preferable to dismissal.

## V. CAUSE EXISTS TO CONVERT

21. Under 11 U.S.C. § 1307(d), a Chapter 13 case may be converted to Chapter 11 for cause.

22. Cause exists here because:

    a. The Debtor exceeds Chapter 13 debt limits;
    b. The Debtor operates business enterprises requiring reorganization;
    c. Subchapter V provides an appropriate reorganization framework; and
    d. Conversion will better serve the interests of creditors than dismissal.

## VI. REQUEST FOR ENTRY OF SUBCHAPTER V SCHEDULING ORDER

23. Upon conversion, the Debtor respectfully requests that the Court enter a scheduling order governing this Subchapter V case. Absent prohibition by Congress, a bankruptcy court may extend or reset deadlines under the Small Business Reorganization Act of 2019. *In re Ventura*, 615 B.R. 1 (Bankr. E.D.N.Y. 2020). Under these circumstances, an extension of time for the status conference and deadline to file the plan are just and reasonable

24. Such a scheduling order will promote efficient administration of the case and provide clarity to all parties regarding deadlines.

25. The Debtor requests that the scheduling order include deadlines for:

26. Appointment of the Subchapter V Trustee by the United States Trustee;

27. The Subchapter V Status Conference required under 11 U.S.C. § 1188;

28. Filing of the Status Report required by § 1188;

29. Filing of the Subchapter V Plan pursuant to 11 U.S.C. § 1189; and

30. Any other deadlines the Court deems appropriate for administration of the case.

31. Entry of a scheduling order will ensure orderly progress toward plan confirmation.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court:

1. Convert this case from Chapter 13 to Chapter 11 pursuant to 11 U.S.C. § 1307(d);

2. Designate the case as a Subchapter V small business case pursuant to 11 U.S.C. § 1182;

3. Direct the United States Trustee to appoint a Subchapter V trustee;

4. Enter a scheduling order establishing deadlines for the administration of this Subchapter V case, including the status conference and plan deadlines; and

5. Grant such other and further relief as the Court deems just and proper.

6. Continue the Trustee's Motion to Dismiss pending the Court's ruling on this Motion.

Respectfully submitted:

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817)704-3984
Proposed Counsel for Debtor

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2026, a true and correct copy of the above document shall be served electronically on the Chapter 13 Trustee and all parties entitled to electronic notice.

                                                  */s/ Clayton L. Everett*
                                                  Clayton L. Everett