Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Proposed Attorney for the Debtor

# United States Bankruptcy Court
### Northern District of Texas
### Fort Worth Division

|  |  |
|---|---|
| In re:<br>Anthony Charles Tordiglione,<br>Debtor. | Case No. 25-44309-elm11<br><br>Chapter 11 |

### RESPONSE OPPOSED TO MOTION FOR RELIEF
### FROM AUTOMATIC STAY OF ACT AGAINST PROPERTY

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Anthony Charles Tordiglione ("Debtor"), by and through undersigned counsel, and files this *Response in Opposition to the Motion for Relief from Automatic Stay of Act Against Property* ("Motion") pursuant to 11 U.S.C. § 362 and Bankruptcy Rule 9014, and in support thereof respectfully show the Court as follows:

### I.    JURISDICTION AND BACKGROUND

1-3.    Admitted.

4.    Admitted

5–7.    Admitted that the Note and Security Instrument were executed as described and that Movant is the holder entitled to enforce them.

8.    Admitted that Debtor's Schedule A reflects an estimated market value of the Property of $1,915,000.00.

9–12.    Debtor admits that four post-petition contractual payments have not been made as of the dates reflected in the payment history attached to the Affidavit. Debtor does not dispute the

approximate unpaid principal balance or the monthly payment amount at this time but reserves all

rights to supplement or contest the exact figures upon further review of records.

## II.      SPECIFIC DENIAL OF CAUSE FOR RELIEF

13.      Denied. Good cause does not exist to lift the automatic stay. Movant's own allegations in

the Motion establish that the Debtor has substantial equity in the Property, not "little or no equity"

as asserted. The Property is valued at $1,915,000.00 per Debtor's Schedule A. The unpaid principal

balance is approximately $360,168.25 and post-petition arrears total $15,500.40, for a total secured

obligation of approximately $375,668.65. This results in an equity cushion of approximately

$1,539,331.35.

Furthermore, the Property is Debtor's primary residence and is necessary for an effective

reorganization in this Chapter 11 case. Debtor intends to retain and complete payments on the

Property paid directly to Movant. Because the Property is necessary and substantial equity exists,

relief under 11 U.S.C. § 362(d)(2) is not warranted.

14.      Denied. Adequate protection has been and will continue to be provided. The Chapter 11

plan will provide for the ongoing mortgage obligation. Debtor's substantial equity cushion, the

proposed adequate protection payments, and the Debtor's ability and willingness to cure arrears

through the plan or sale of real property constitutes adequate protection under 11 U.S.C. §

362(d)(1). Debtor's delinquency does not reflect willful non-compliance but rather temporary

financial hardship that Debtor is actively addressing through the Chapter 11 process.

15.      Admitted that Movant has retained counsel. Debtor disputes any entitlement to attorneys'

fees at this stage and reserves the right to contest any fee request.

16.      Denied to the extent the Motion seeks immediate enforcement or waiver of the 14-day stay

under Fed. R. Bankr. P. 4001(a)(4).

### III. ADEQUATE PROTECTION

Pursuant to L.B.R. 4001-1(b), Debtor provides the following detailed and comprehensive statement as to how Movant can be adequately protected if the stay is continued:

1. **Substantial Equity Cushion**: The equity cushion of approximately $1,539,331.35 (over 400% of Movant's total claim) provides exceptional protection against any possible diminution in value. This cushion far exceeds any reasonable risk and is itself sufficient adequate protection.

2. **Interim Adequate Protection Payments:** Pending confirmation of a Chapter 11 plan, Debtor will commence adequate protection payments of $862.00 per month, representing interest-only payments sufficient to protect Movant from any diminution in value.

3. **Ongoing Contractual Payments**: Upon confirmation of a Chapter 11 plan, Debtor will timely make all future post-petition monthly payments of $3,875.10 directly to Movant as they become due.

4. **Cure of Arrears:** Debtor proposes to cure the $15,500.40 post-petition arrears through the Chapter 11 plan, or in the alternative, from proceeds of the anticipated sale of certain real property located in Erath/Hamilton County, with any applicable interest at the plan rate.

### IV. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that the Court deny Movant's *Motion for Relief from Automatic Stay of Act Against Property* in all respects, determine that Movant is adequately protected as set forth above, and grant such other and further relief to which Debtor may be justly entitled.

DATED: April 16, 2026                     Respectfully submitted,

                                          Norred Law, PLLC
                                          By: /s/ Clayton L. Everett
                                          Clayton L. Everett
                                          Texas State Bar No. 24065212
                                          clayton@norredlaw.com
                                          515 E. Border Street
                                          Arlington, Texas 76010
                                          Telephone: (817) 704-3984
                                          Proposed Counsel for Debtor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of April, 2026, a true and correct copy of the foregoing document was served via ECF notification on all parties entitled to electronic notice.

                                          /s/ Clayton L. Everett