Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Proposed Attorney for the Debtor

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br>Anthony Charles Tordiglione,<br><br>Debtor. | Case No. 25-44309-elm11<br><br>Chapter 11 |

## <u>DECLARATION OF ANTHONY CHARLES TORDIGLIONE IN OPPOSITION OF MOTION FOR RELIEF FROM AUTOMATIC STAY OF ACT AGAINST PROPERTY</u>

Pursuant to 28 U.S.C. § 1746, I, Anthony Charles Tordiglione, declare under penalty of perjury that the following is true and correct:

1. I am the Debtor in this Chapter 11 case. I have reviewed the *Response Opposed to Motion for Relief from Automatic Stay of Act Against Property*. The statements contained in the motion are true and correct to the best of my knowledge and are incorporated herein by reference.

2. The Property located at 178 Sams Lane, Aledo, TX 76008, which is the subject of the Movant's Motion for Relief from Automatic Stay, is my primary residence.

3. Schedule A/B filed in this case reflects an estimated market value of the Property of $1,915,000.00. I believe this valuation is reasonable and supported by Parker County appraisal district and Zillow.

4. The unpaid principal balance on the Note held by Movant is approximately $360,168.25, and the post-petition arrears total approximately $15,500.40, for a total secured obligation of roughly $375,668.65. This results in a substantial equity cushion of approximately $1,539,331.35 in the Property.

5.      The Property serves as my current residence and is essential to an effective reorganization in my Chapter 11 case. I have proposed retaining the Property as part of my reorganization efforts and will continue to comply with all payment obligations, including making all required payments directly to Movant.

6.      I reside in the subject property with my family. I am the primary caregiver for my 100-year-old mother, and my wife, who is currently recovering from cancer, also resides in the home. Loss of the residence at this time would impose significant hardship on our household and would be detrimental to their health and well-being. This property is our longtime family home, where we raised our children, and it is intended to serve as our retirement residence. We respectfully request a reasonable opportunity to stabilize our financial circumstances and reorganize under a plan, or, if necessary, pursue an orderly sale of the property under conditions that will maximize its value.

7.      The post-petition contractual payments that have not been made (as reflected in the payment history attached to Movant's Motion) resulted from temporary financial hardship. I am actively addressing this through the Chapter 11 process and am not in willful default.

8.      I intend to resume regular monthly contractual payments of $3,875.10 upon confirmation of a Chapter 11 plan, which has not yet been filed. I further propose to cure the post-petition arrears of approximately $15,500.40 through the plan, or through additional adequate protection payments if ordered by the Court, with any applicable interest at the plan rate.

9.      In the interim, I will commence adequate protection payments of $862.00 per month, representing interest-only payments sufficient to protect Movant from any diminution in value. I am also actively pursuing the sale of a portion of my real property located in Erath/Hamilton

…………………………………………………………………..                        ………
25-44309, Declaration of Anthony Charles Tordiglione

County and anticipate using a portion of the sale proceeds to cure all pre-petition and post-petition arrearages.

10.     The substantial equity cushion in the Property (over 400% of Movant's total claim) provides exceptional protection against any risk of diminution in value. This cushion, combined with my commitment to timely future payments and cure of arrears, constitutes more than adequate protection for Movant under 11 U.S.C. § 362(d)(1) if the automatic stay is continued.

11.     I have reviewed the *Response in Opposition to the Motion for Relief from Automatic Stay* filed by my counsel and confirm that the factual statements contained therein regarding the Property's value, the equity cushion, my residency, the post-petition arrears, and my intentions for retention and payment through the plan are true and correct to the best of my knowledge.

Executed on this ___16th___ day of April, 2026.

Anthony Charles Tordiglione
Debtor