NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Proposed Counsel for Debtor

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Anthony Charles Tordiglione**<br>178 Sams Ln.<br>Aledo, TX 76008-4884<br>SSN: xxx-xx-0649<br><br>**Debtor** | **Case No. 25-44309-elm**<br><br>**Chapter 11**<br><br>**Subchapter V Case** |

### APPLICATION TO EMPLOY NORRED LAW PLLC
### AS COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ROOM 204, U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TEXAS 76102. BEFORE CLOSE OF BUSINESS ON JUNE 13, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY BEFORE THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN**

Anthony Charles Tordiglione ("Debtor"), files this *Application to Employ Norred Law PLLC as Counsel to the Debtor and Debtor-in-Possession* (the "Application"), and would respectfully show the following:

## I. JURISDICTION & VENUE

1.      This United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The requested relief is based on 11 U.S.C. §§ 105, 327, 329, and 330, Federal Rules of Bankruptcy Procedure 2014 and 2016, and Local Bankruptcy Rule 2016-1.

## II. BACKGROUND

3.      The Debtor originally filed this case under Chapter 13 on November 3, 2025, but subsequently moved to convert the case to Chapter 11, Subchapter V, after proofs of claim revealed secured indebtedness exceeding $3.6 million, which far surpassed the Chapter 13 statutory eligibility limits of 11 U.S.C. § 109(e). The retention of specialized bankruptcy counsel is critical because the estate encompasses complex, ongoing agricultural and commercial business enterprises that require an engineered reorganization framework to preserve going-concern value. Specifically, the Debtor operates active ranching and wine production business lines, which include ownership interests in Amore Wines of Texas, LLC and Bull Lion Ranch. The underlying assets of these operations consist of live inventory (livestock), farming equipment, and an active wine inventory. Additionally, the estate holds substantial real property, including a residential property at 178 Sams Lane, Aledo, Texas, encumbered by a mortgage serviced by Guild Mortgage Company LLC, and a 560-acre homestead in Hico, Texas, valued at approximately $10,000,000. Managing these diverse business units and multi-million dollar real estate holdings necessitates the continued employment of experienced Chapter 11 counsel.

4. The Debtor continues to manage his financial affairs and operate his businesses since conversion to Chapter 11.

### III. RELIEF REQUESTED

5. The Debtor desires to employ and retain the law firm of Norred Law, PLLC ("Norred Law") as his counsel in this bankruptcy proceeding pursuant to section 327(a) and 330 of the Bankruptcy Code and seek an order approving the retention of Norred Law. The Debtor needs to employ Norred Law to allow him to comply with his duties and obligations as debtor-in-possession and to realize his objective of maximizing the value of the bankruptcy estate via a restructuring plan and to safeguard the interests of the estate in this case. Contemporaneously with the filing of the Application, Norred Law is filing the *Declaration of Warren V. Norred in Support of the Application for Approval of Employment of Norred Law PLLC as Counsel for Debtor and Debtor-in-Possession*.

6. The Debtor believes Norred Law is well-qualified to represent him in connection with this case due to the firm's experience in bankruptcy law and other general business and corporate expertise. In addition, Norred Law was engaged before the Petition Date to advise and assist with the Debtor's preparation of this bankruptcy filing.

7. Norred Law was retained on or about March 4, 2026, and has been heavily involved in assisting and advising the Debtor with matters relating to this bankruptcy proceeding. Norred Law has gained knowledge of the Debtor's business operations and objectives for this case. The Debtor believes this experience and knowledge will be integral to the restructuring of the Debtor's business. Accordingly, the Debtor wishes to retain Norred Law to assist in this case.

## IV. GENERAL SCOPE OF EMPLOYMENT

8.      Norred Law will render the following services to the Debtor:

a.  To advise the Debtor of its powers and duties in the management of its property;

b.  To attend meetings and negotiate with representatives of creditors and other parties in interest;

c.  To assist the Debtor in preparation of all administrative documents required to be filed or prepared herein, and to prepare, on behalf of the Debtor, all necessary applications, motions, responses, answers, orders, reports, and other legal documents as applicable;

d.  To take such actions as is necessary to preserve the assets and interests of the estate, including prosecution of actions on behalf, defending any action commenced against the Debtor and representing the Debtor interest concerning all litigation in which the Debtor is involved, including objections to claims filed against the estate;

e.  To advise the Debtor in connection with any potential sale of assets;

f.  To assist the Debtor in formulating a disclosure statement, and in the formulation and confirmation of a plan of reorganization;

g.  To appear before the Court and the United States Trustee, and to protect the interest of the Debtor estate before the Court and Trustee;

h.  To perform any and all other legal services that may be necessary to protect the rights and interests of the Debtor in the proceeding and any actions later commenced in this chapter 11 case.

9.      Subject to approval by the Court, Norred Law will charge the Debtor for its

professional services as follows:

a.  Norred Law will charge its standard hourly rates for the duration of this engagement, which are presently as follows: Attorneys $300 to $525; Paraprofessionals $90 to $120;

b.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged in this district;

c.  Norred Law received $7,000.00 retainer before the commencement of this case, $1,738 of which was to cover the filing fee for the petition commencing this case. Subject to prior Court approval, the remaining retainer shall be applied to outstanding balances due to Norred Law;

d. In addition to compensation for services rendered, Norred Law will be reimbursed for all reasonable out-of-pocket expenses incurred relating directly to work performed from the Debtor. Examples of such expenses could include clerical supplies and services, and telephone, fax, and photocopy charges. Norred Law only charges actual amounts incurred in connection with such expenses;

e. Norred Law will seek compensation of its fees and expenses on a final basis under § 330(a), the local rules, and other applicable orders of this Court; and,

f. Norred Law and its professional will keep track of their billings on a tenth of an hour basis.

10. Norred Law intends to apply to the Court for compensation and reimbursement of expenses under applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, and Orders of this Court.

11. As of the Petition Date, the Debtor does not owe Norred Law for legal services rendered or expenses provided before the Petition Date.

12. Norred Law and its professionals, to the best of its knowledge, do not represent any interest materially adverse to the Debtor, its creditors, the United States Trustee, any person employed by the Office of the United States Trustee or any other party in interest.

13. Norred Law has informed the Debtor that Norred Law may have and may continue to provide legal advice with parties other than the Debtor, but that Norred Law does not presently represent any party that has a conflict of interest with the Debtor. Moreover, Norred Law will not represent any person or entity in a transaction with the Debtor that may conflict with Norred Law's representation of the Debtor in this chapter 11 case.

14. Accordingly, the Debtor believes that Norred Law is a "disinterested person" within the meaning of § 101(4) of the Bankruptcy Code. The employment of Norred Law would be in the best interest of the Debtor, its estate, and its creditors.

## VI. NOTICE

15. It is expected that the Court or United States Trustee will appoint a Subchapter V trustee in this chapter 11 case. Notice of this Application has been provided to (a) the U.S. Trustee; (b) the twenty largest unsecured creditors of the bankruptcy estate; (c) those persons who have formally appeared and requested notice of this case under Bankruptcy Rule 2002; and (d) the Internal Revenue Service and other governmental agencies required to receive notice under the Bankruptcy Rules and Local Rules.

WHEREFORE, the Debtor Anthony Charles Tordiglione asks this Court to enter an Order (1) authorizing the employment of Norred Law PLLC as counsel for Debtor and Debtor-in-Possession in this case; (2) authorizing Norred Law PLLC to be compensated at its standard hourly rates subject to applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rule 2016-1, and other orders of this Court; and (3) awarding the Debtor such other and further relief as this Court may deem just and proper.

DATED: May 23, 2026.

Respectfully submitted,

_____
Anthony Charles Tordiglione